[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defaults for failure to plead were granted against both defendants on June 15, 1990. No motion to reopen has been filed, and the case was claimed to and printed on the hearing in damages calendar for August 9, 1990. The defendants were not present at the duly noticed hearing either in person or by counsel.
The entry of a default operates as a confession by the defaulted defendants of the truth of the material facts alleged in the complaint which are essential to a judgment. Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160, 161, n. 1 (1984).
The plaintiff, Barbara Davis, suffered injuries to her back, upper right arm and neck when a truck owned by defendant Debra Swain and operated by defendant Michael A. Gerin backed out of a parking space, colliding with the car which the plaintiff was driving. A police report entered into evidence at the hearing in damages indicates that the defendant's truck was loaded in such a way that the driver's view to the rear was obstructed. CT Page 1037
The plaintiff began medical treatment the day after the collision and suffered headaches and pain in her arm and back which diminished gradually. By the end of May 1989 the plaintiff was essentially fully recovered, however her doctor, Alfred J. Ranieri, Jr., M.D., recommended additional physical therapy and office visits to address residual twinges.
The court finds that full, fair and reasonable damages for injuries sustained and expenses incurred are as follows:
Medical treatment, x-ray and prescription drugs $1,901.89
Lost wages $1,327.15
 Pain, suffering, discomfort, inconvenience $2,500.00 _________ $5,729.04
The plaintiff testified that none of her expenses have been paid by any source other than the basic reparations benefits of her own motor vehicle insurance.
Judgment shall enter in favor of the plaintiff against the defendants in the amount of $5,729.04 plus costs.
HODGSON, JUDGE